IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRANDON CARRIGAN, f/k/a Brandon Michael Millisock, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | C.A. No. 20-958 (MN) |
| | ) | |
| ROBERT MAY, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION**

Brandon Carrigan – *Pro se* Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

July 17, 2023
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Brandon Carrigan ("Petitioner").  (D.I. 1).  The State filed an Answer in opposition.  (D.I. 9).  For the reasons discussed, the Court will dismiss Claims One and Two for failing to assert issues cognizable on federal habeas review, and deny the Petition in its entirety as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

I.    **BACKGROUND**

On March 15, 2016, Petitioner pled guilty to aggravated possession of heroin (Tier 1), possession of a firearm during the commission of a felony ("PFDCF"), and possession of a firearm by a person prohibited ("PFBPP").  (D.I. 10-1 at 5, Entry No. 26; D.I. 10-4 at 26-27).  As part of the plea agreement, Petitioner acknowledged that his plea exposed him to a sentence up to life in prison because he was eligible to be sentenced as a habitual offender pursuant to 11 Del. C. § 4214(a) based on: (1) his 2007 conviction for possession with intent to deliver drugs; (2) his 2009 conviction for failure to obey the command of a police officer; and (3) his 2012 conviction for resisting arrest.  (D.I. 10-4 at 26-27; D.I. 10-7 at 2-6).  On November 18, 2016, the Superior Court sentenced Petitioner as a habitual offender to twenty years of incarceration followed by decreasing levels of probation.  (D.I. 10-4 at 28-32).  Petitioner did not appeal his conviction or sentence.

On February 10, 2017, Petitioner filed a motion to modify his sentence, which the Superior Court denied on March 9, 2017.  (D.I. 10-1 at 6, Entry Nos. 35 & 36).  Petitioner filed a second motion to modify sentence on March 28, 2017, which the Superior Court denied on May 1, 2017.  (D.I. 10-1 at 6, Entry Nos. 37 & 38).  Petitioner did not appeal either decision.

On August 24, 2017, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61"), along with a motion to appoint counsel.

(D.I. 10-4 at 13-14, Entry Nos. 39 & 40; D.I. 10-8).  The Superior Court dismissed the Rule 61 motion as time-barred on August 30, 2017 and denied his request for counsel.  (D.I. 10-4 at 34-36 & n.3).  Petitioner did not appeal that decision.

On October 26, 2017, Petitioner filed a second Rule 61 motion, along with a motion to appoint counsel.  (D.I. 10-4 at 14, Entry Nos. 44 &45; D.I. 10-9 at 6).  A Superior Court Commissioner denied Petitioner's motion to appoint counsel and recommended that Petitioner's second Rule 61 motion should be denied as time-barred under Rule 61(i)(1) and previously adjudicated under Rule 61(i)(4).  (D.I. 10-4 at 39-41).  The Superior Court adopted the Commissioner's Report and Recommendation, and denied Petitioner's second Rule 61 motion as barred by Rule 61(i)(1) and (4).  *See State v. Carrigan*, 2018 WL 6601174, at \*2-3 (Del. Super. Ct. Dec. 13, 2018).  The Superior Court also summarily dismissed Petitioner's second Rule 61 motion under Rule 61(d)(2) for being second or subsequent.  *See id.* at \*3.  The Delaware Supreme Court affirmed that judgment.  *See Carrigan v. State*, 213 A.3d 1195 (Table), 2019 WL 3268808 (Del. July 19, 2019).

Petitioner filed the instant habeas Petition in July 2020, which asserts the following three grounds for relief:  (1) the Superior Court erred by declining to appoint post-conviction counsel to represent him during his Rule 61 proceedings (D.I. 1 at 5); (2) the Superior Court erroneously denied Petitioner an opportunity to "attack a prior conviction used to enhance [his] current sentence" (D.I. 1 at 7); and (3) the State engaged in selective and vindictive prosecution by picking and choosing "who to pursue [as a] habitual offender" (D.I. 1 at 8).

## II.   CLAIMS ONE AND TWO ARE NOT COGNIZABLE

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The United States Supreme Court has consistently held that "[t]here is no

right to counsel in postconviction proceedings." *Garza v. Idaho*, 139 S.Ct. 738, 749 (2019). Consequently, Claim One – which asserts that the Delaware courts erred by declining to appoint counsel to represent him during his Rule 61 proceedings – fails to present an issue cognizable on federal habeas review.

Claim Two – which asserts that that the Superior Court erred by refusing to permit Petitioner to challenge the validity of his 2012 guilty plea so that he could demonstrate he was incorrectly characterized as a habitual offender with respect to his 2016 conviction – also fails to assert an issue cognizable on federal habeas review.  In *Lacakawana County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that,

> [o]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04.  The only exception to this rule expressly recognized by the Supreme Court is if the prior enhancement conviction was obtained without the defendant having counsel, in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *See Coss*, 532 U.S. at 404.

Here, Petitioner's 2012 conviction is no longer open to direct or collateral attack because the sentence that was imposed for that conviction was discharged on September 6, 2014, almost six years before Petitioner filed the instant Petition.  (*See* D.I. 10-4 at 38).  To the extent Petitioner may be contending that he was provided inadequate representation during the pre-plea process and plea colloquy leading to his 2012 conviction, only a complete denial of counsel with respect to Petitioner's 2012 guilty plea would fall within the exception to the presumption of validity

recognized in *Coss*. Petitioner received the assistance of counsel in negotiating his 2012 plea as well as during the plea colloquy and sentencing hearing. Given these circumstances, the Court regards Petitioner's 2012 conviction as "conclusively valid," meaning that the 2012 conviction cannot provide a basis for challenging the habitual offender sentence imposed for his 2016 conviction.

In sum, the Court concludes that Petitioner is not entitled to habeas relief for Claims One and Two because they do not present cognizable habeas claims. Additionally, for the reasons set forth below, the Court concludes that the entire Petition must be dismissed as time-barred.

## III.   ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be

excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on November 18, 2016. As Petitioner did not appeal that judgment, his conviction became final on December 19, 2016, when the time to appeal expired.[1] Applying the one-year limitations period to that date, Petitioner had until December 19, 2017, to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until July 13, 2020,[2] approximately two and one-half years after that deadline. Thus, the Petition is time-barred and should be dismissed,

---

[1]     The thirty-day appeal period actually expired during a weekend. Therefore, the appeal period extended through the end of the day on December 19, 2016. *See* Del. Sup. Ct. R. 11(a).

[2]     Pursuant to the prison mailbox rule, the Court adopts July 13, 2020 as the date of filing as that is the date on Petitioner's certificate of mailing in his Petition. (D.I. 1 at 15); *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

### A.    <u>Statutory Tolling</u>

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *SeePace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

The one-year limitations period in this case began to run on December 19, 2016 and ran for fifty-three days until Petitioner filed his first motion for modification of sentence on February 10, 2017. *See Rivera v. Metzger*, 2017 WL 3730421, at *3 (D. Del. Aug. 29, 2017). The Superior Court denied that motion on March 9, 2017, and Petitioner did not appeal that decision. Petitioner filed a second motion for modification of sentence on March 28, 2017. The Superior Court denied the second motion for modification of sentence on May 1, 2017, and Petitioner did not appeal that decision. Given these circumstances, Petitioner's two motions to modify sentence

tolled the limitations period from February 10, 2017 through May 31, 2017, which includes the thirty-day appeal periods for both motions for modification of sentence.[3]

The limitations clock started to run again on June 1, 2017 and ran for another eighty-four days until Petitioner filed his first Rule 61 motion on August 24, 2017. The Superior Court denied the Rule 61 motion on August 30, 2017 and, because Petitioner did not appeal that decision, AEDPA's limitations period remained tolled until September 29, 2017. An additional twenty-seven days elapsed until Petitioner filed his second Rule 61 motion on October 26, 2017. The Superior Court denied that Rule 61 motion on December 13, 2018, and the Delaware Supreme Court affirmed that decision on July 19, 2019.

When the limitations clock started to run on July 20, 2019, a total of 164 days of the limitations period had expired. The limitations clock ran the remaining 201 days without interruption until the limitations period expired on February 6, 2020.

Thus, even after applying the available statutory tolling, the Petition is time-barred, unless equitable tolling or the actual innocence exception apply.

### B.      Equitable Tolling and Actual Innocence Exception

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not

---

[3]      Because Petitioner did not appeal the March 9, 2017 denial of his first motion to modify sentence, the limitations period remained tolled until the expiration of the thirty-day appellate period – April 10, 2017. During the statutorily tolled period, Petitioner filed a second motion for modification of sentence on March 28, 2017. Again, because Petitioner did not appeal the May 1, 2017 denial of his second motion to modify sentence, the limitations period remained tolled until the expiration of the thirty-day appellate period – May 31, 2017.

available where the late filing is due to the petitioner's excusable neglect. *See id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace*, 2 F.4th at 144 (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is 'how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline.'"). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner does not assert that any extraordinary circumstance prevented him from filing the instant Petition in a timely manner, and he does not assert his actual innocence. To the extent Petitioner mistakenly believed that AEDPA's limitations period did not begin to run until the Delaware Supreme Court affirmed the Superior Court's denial of his second Rule 61 motion on July 19, 2019 (D.I. 1 at 13), Petitioner's lack of legal knowledge or miscalculation of the limitations period does not trigger equitable tolling. *See Lewis v. Phelps*, 672 F. Supp. 2d 669, 674 (D. Del. 2009) (holding that Lewis' error in computing AEDPA's one-year filing period did not warrant equitable tolling). Thus, the Court concludes that neither the doctrine of equitable tolling nor the actual innocence equitable exception are available to Petitioner on the facts he has presented. Accordingly, the Court will deny the instant Petition as time-barred.[4]

## IV.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

---

[4]     Having decided to dismiss the entire Petition as time-barred, the Court will not address the State's additional reasons for denying Claim Three. (*See* D.I. 9 at 16-18)

The Court has concluded that Claims One and Two are not cognizable habeas claims, and also that the entire Petition is time-barred.  Reasonable jurists would not find these conclusions to be debatable.  Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, the Court will dismiss Claims One and Two as non-cognizable habeas claims and deny the entire Petition as time-barred without holding an evidentiary hearing or the issuance of a certificate of appealability.  An appropriate Order shall issue.